Alvin Hawkins, J.,
dissenting, said-:
I can not concur in the foregoing opinion. I pass by the questions as to the character of the title acquired by the United States, or what would have been the result if, after the location of the naval depot, the government had merely abandoned the occupation of the grounds, or had appropriated them to some other purpose, or had sold and conveyed them to a stranger.
But, as I understand the record, the whole scope and intent of the contract by which the United States ceded the property back to the City of Memphis, and the latter accepted the same, was, to rescind the contract by which the government hid acquired title; to restore the title to the donor, and as nearly as might be, to place the parties in statu quo; and in my opinion, by her acceptance, the City of Memphis became the trustee of the parties to the deed of July, 1844, known in this record as “the compromise deed,” by which their rights, *508 as affected by the statute of limitations, must be determined.
The City of Memphis, being a party to that deed, ought not, in equity, to be permitted to set up for herself, by virtue of the cession, and against the other owners of the land under that deed, any greater title than she possessed under that deed.
I do not think it can be correctly assumed, in the light of this record, that it does not appear the officers and agents of the 'United States had both actual and constructive notice of the terms of the compromise deed, by which title to the property in controversy was vested in the City of Memphis. Be this as it may, it can make no difference. The City was a party to that deed, and knew its terms as well as its purposes.
The conclusion of my brother Judges renders it unnecessary to consider the question as to the effect of the statute of limitations upon the rights of the complainants.